UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


WILLIE JAMES MILLING,

                    Petitioner,

v.                                        Case No. 3:14-cv-1450-J-34PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                    Respondents.
_____


## ORDER

### I. Status

Petitioner Willie James Milling, an inmate of the Florida penal system, initiated this action on November 28, 2014, by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2254. In the Petition, Milling challenges a 2011 state court (St. Johns County, Florida) judgment of conviction for sale of cocaine. Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Response to Petition (Response; Doc. 13) with exhibits (Resp. Ex.). On September 28, 2015, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 12), admonishing Milling regarding his obligations and giving Milling a time frame in which to submit a reply. Milling submitted a brief in reply. See Reply to Respondents' Show Cause Answer (Reply; Doc. 20). This case is ripe for review.

## II. Procedural History

On June 10, 2010, the State of Florida charged Milling with sale of cocaine. <u>See</u> Resp. Ex. 1 at 12, Information. Milling proceeded to a non-jury trial in June 2011, <u>see</u> Resp. Ex. B, Transcript of the Non-Jury Trial (Tr.), at the conclusion of which, on June 14, 2011, the court found him guilty of sale of cocaine, <u>see</u> <u>id.</u> at 109. On July 21, 2011, the court sentenced Milling to a term of imprisonment of fifteen years. Resp. Exs. A at 139-44; C, Transcript of the Sentencing Hearing, at 15.

On direct appeal, Milling, with the benefit of counsel, filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the trial court erred when it denied: his motion to suppress (ground one), and his petition for writ of habeas corpus (ground two). Resp. Ex. D. Milling filed a pro se brief, arguing that the trial court erred when it: failed to appoint conflict-free counsel at a critical stage and conduct a <u>Faretta</u>[1] hearing (ground one); overruled his objection to a discovery violation and admitted a videotape (ground two); admitted evidence over his objection relating to a discovery violation (ground three); misstated the law, overruled his objection, admitted the cocaine and brown bag, and did not permit him to introduce evidence of tampering (ground four); failed to correct a fundamental error as to the unconstitutionality of Florida Statutes section 893.13 (ground

---

[1] <u>Faretta v. California</u>, 422 U.S. 806 (1975).

five); and failed to conduct an inquiry as to whether he made a knowing, intelligent, and voluntary waiver of his right to a jury trial (ground six). Resp. Ex. E. The State filed a notice that it did not intend to file an answer brief. See http://www.5dca.org, Milling v. State of Florida, case number 5D11-2831. On April 20, 2012, the appellate court affirmed Milling's conviction per curiam, see Milling v. State, 91 So.3d 157 (Fla. 5th DCA 2012); Resp. Ex. F, and later denied Milling's motion for rehearing on May 22, 2012, see Resp. Exs. G; H. The mandate issued on August 21, 2012. See Resp. Ex. I.

Milling filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on July 5, 2012. See Resp. Ex. J. He filed an amended motion on July 20, 2012, see Resp. Ex. K; a second amended motion (Rule 3.850 motion) on September 28, 2012, see Resp. Ex. L; and a supplement on April 3, 2013, see Resp. Ex. M. In his request for post-conviction relief, Milling asserted that the trial court lacked subject matter jurisdiction to enter the judgment and sentence (ground one); the State committed a fundamental error when it filed the Information without obtaining a sworn statement of a material witness (ground four); the Information had false statements and facts that invalidated it, and therefore, he was convicted of an uncharged crime (ground five); the trial court erred when it failed to renew the offer of counsel to Milling at the suppression hearing and

trial and conduct a <u>Faretta</u> inquiry to determine if Milling understood his right to counsel (ground six); the trial court erred when it denied his right to a trial by jury and failed to obtain a waiver from Milling (ground seven); the State failed to provide Deputy Brush's field notes in its response to discovery (ground eight); the charging Information is fundamentally defective (ground nine); Florida Statutes section 893.13 is unconstitutional (ground ten); there was insufficient evidence to convict (ground eleven); Milling is actually innocent of the crime (ground twelve); and Deputy John Brush committed fraud upon the court when he deliberately included false statements in his affidavit (ground thirteen). Additionally, he stated that counsel (Tyler Williams and Craig Atack) were ineffective because they failed to file a motion to dismiss the invalid Information (grounds two and three). The State responded. <u>See</u> Resp. Ex. N. The circuit court denied the Rule 3.850 motion. <u>See</u> Resp. Ex. O. On March 4, 2014, the appellate court affirmed the court's denial of post-conviction relief per curiam, <u>see</u> <u>Milling v. State</u>, 138 So.3d 467 (Fla. 5th DCA 2014); Resp. Ex. R, and later denied Milling's motion for rehearing, <u>see</u> Resp. Exs. S; T. The mandate issued on April 25, 2014. <u>See</u> Resp. Ex. U.

During the pendency of the post-conviction proceedings, Milling filed a pro se petition for writ of habeas corpus on April 14, 2014. <u>See</u> Resp. Ex. V. He filed an amended petition on April

23, 2014. <u>See</u> Resp. Ex. W. In the amended petition, Milling asserted that the trial court erred when it failed to offer him counsel and obtain a waiver of counsel at the suppression hearing (ground one); appellate counsel was ineffective when he failed to raise the following claim on direct appeal: the trial court erred when it failed to conduct a <u>Faretta</u> inquiry (ground two); there was a conflict of interest when the court appointed the public defender's office as standby counsel because the office also represented Milling's co-defendant (ground three); and the conviction is illegal because the State's charging Information was invalid since it was not supported by the sworn testimony of the material witness (ground four). The State responded, <u>see</u> Resp. Ex. Y, and Milling replied, <u>see</u> Resp. Ex. Z. The appellate court denied the petition and amended petition on September 4, 2014, <u>see</u> Resp. Ex. AA, and later denied Milling's motion for rehearing on October 6, 2014, <u>see</u> Resp. Exs. BB; CC.

### III. One-Year Limitations Period

The Petition appears to be timely filed within the one-year limitations period. <u>See</u> 28 U.S.C. § 2244(d).

### IV. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. <u>See</u> <u>Chavez v. Sec'y, Fla. Dep't of Corr.</u>, 647 F.3d 1057, 1060 (11th Cir. 2011). "In deciding whether to grant an evidentiary hearing, a

federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007); Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318-19 (11th Cir. 2016), cert. denied, 137 S.Ct. 2245 (2017). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro, 550 U.S. at 474. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Milling's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## V. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S.Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011) (quotation marks omitted)). As such, federal habeas review of final

state court decisions is "'greatly circumscribed' and 'highly deferential.'" Id. (quoting Hill v. Humphrey, 662 F.3d 1335, 1343 (11th Cir. 2011) (quotation marks omitted)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. See Wilson v. Warden, Ga. Diagnostic Prison, 834 F.3d 1227, 1235 (11th Cir. 2016) (en banc), cert. granted, 137 S.Ct. 1203 (2017); Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). Regardless of whether the last state court provided a reasoned opinion, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 562 U.S. 86, 99 (2011) (citation omitted); see also Johnson v. Williams, 568 U.S. 289, --, 133 S.Ct. 1088, 1096 (2013).[2] Thus, the state court need not issue an opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Richter, 562 U.S. at 100.

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim unless the state court's

---

[2] The presumption is rebuttable and "may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Richter, 562 U.S. at 99-100; see also Johnson, 133 S. Ct. at 1096-97. However, "the Richter presumption is a strong one that may be rebutted only in unusual circumstances . . . ." Johnson, 133 S.Ct. at 1096.

decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Richter, 562 U.S. at 97-98. As the Eleventh Circuit has explained:

> First, § 2254(d)(1) provides for federal review for claims of state courts' erroneous legal conclusions. As explained by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000), § 2254(d)(1) consists of two distinct clauses: a "contrary to" clause and an "unreasonable application" clause. The "contrary to" clause allows for relief only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (plurality opinion). The "unreasonable application" clause allows for relief only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.
>
> Second, § 2254(d)(2) provides for federal review for claims of state courts' erroneous factual determinations. Section 2254(d)(2) allows federal courts to grant relief only if the state court's denial of the petitioner's claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has not yet defined § 2254(d)(2)'s "precise relationship" to § 2254(e)(1), which imposes a burden on the petitioner to rebut the state court's factual findings "by clear and convincing evidence."

> See <u>Burt v. Titlow</u>, 571 U.S. ---, ---, 134 S.
> Ct. 10, 15, 187 L.Ed.2d 348 (2013); <u>accord</u>
> <u>Brumfield v. Cain</u>, 576 U.S. ---, ---, 135 S.
> Ct. 2269, 2282, 192 L.Ed.2d 356 (2015).
> Whatever that "precise relationship" may be,
> "'a state-court factual determination is not
> unreasonable merely because the federal habeas
> court would have reached a different
> conclusion in the first instance.'"[3] <u>Titlow</u>,
> 571 U.S. at ---, 134 S. Ct. at 15 (quoting
> <u>Wood v. Allen</u>, 558 U.S. 290, 301, 130 S. Ct.
> 841, 849, 175 L.Ed.2d 738 (2010)).

<u>Tharpe v. Warden</u>, 834 F.3d 1323, 1337 (11th Cir. 2016), <u>cert</u>.
<u>denied</u>, 137 S.Ct. 2298 (2017); <u>see also</u> <u>Daniel v. Comm'r, Ala.</u>
<u>Dep't of Corr.</u>, 822 F.3d 1248, 1259 (11th Cir. 2016). Also,
deferential review under § 2254(d) generally is limited to the
record that was before the state court that adjudicated the claim
on the merits. <u>See</u> <u>Cullen v. Pinholster</u>, 563 U.S. 170, 182 (2011)
(stating the language in § 2254(d)(1)'s "requires an examination of
the state-court decision at the time it was made"); <u>Landers v.</u>
<u>Warden, Att'y Gen. of Ala.</u>, 776 F.3d 1288, 1295 (11th Cir. 2015)
(regarding § 2254(d)(2)).

Where the state court's adjudication on the merits is
"'unaccompanied by an explanation,' a petitioner's burden under
section 2254(d) is to 'show[] there was no reasonable basis for the
state court to deny relief.'" <u>Wilson</u>, 834 F.3d at 1235 (quoting
<u>Richter</u>, 562 U.S. at 98). Thus, "a habeas court must determine what

---

[3] The Eleventh Circuit has described the interaction between
§ 2254(d)(2) and § 2254(e)(1) as "somewhat murky." <u>Clark v. Att'y</u>
<u>Gen., Fla.</u>, 821 F.3d 1270, 1286 n.3 (11th Cir. 2016).

arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court." Richter, 562 U.S. at 102; see also Wilson, 834 F.3d at 1235. To determine which theories could have supported the state appellate court's decision, the federal habeas court may look to a state trial court's previous opinion as one example of a reasonable application of law or determination of fact. Wilson, 834 F.3d at 1239; see also Butts v. GDCP Warden, 850 F.3d 1201, 1204 (11th Cir. 2017).[4] However, in Wilson, the en banc Eleventh Circuit stated that the federal habeas court is not limited to assessing the reasoning of the lower court. 834 F.3d at 1239. As such,

> even when the opinion of a lower state court contains flawed reasoning, [AEDPA] requires that [the federal court] give the last state court to adjudicate the prisoner's claim on the merits "the benefit of the doubt," Renico,[5] 559 U.S. at 773, 130 S.Ct. 1855 (quoting Visciotti,[6] 537 U.S. at 24, 123 S.Ct. 357), and presume that it "follow[ed] the law," Donald,[7] 135 S.Ct. at 1376 (quoting Visciotti, 537 U.S. at 24, 123 S.Ct. 357).

---

   [4] Although the United States Supreme Court has granted Wilson's petition for certiorari, the "en banc decision in Wilson remains the law of the [Eleventh Circuit] unless and until the Supreme Court overrules it." Butts, 850 F.3d at 1205 n.2.

   [5] Renico v. Lett, 559 U.S. 766 (2010).

   [6] Woodford v. Visciotti, 537 U.S. 19 (2002).

   [7] Woods v. Donald, 135 U.S. 1372 (2015).

<u>Id.</u> at 1238.

Thus, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." <u>Burt v. Titlow</u>, 134 S. Ct. 10, 16 (2013). "Federal courts may grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" <u>Tharpe</u>, 834 F.3d at 1338 (quoting <u>Richter</u>, 562 U.S. at 102-03). "This standard is 'meant to be' a difficult one to meet." <u>Rimmer v. Sec'y, Fla. Dep't of Corr.</u>, 864 F.3d 1261, 1274 (11th Cir. 2017) (quoting <u>Richter</u>, 562 U.S. at 102). Thus, to the extent that Milling's claims were adjudicated on the merits in the state courts, they must be evaluated under 28 U.S.C. § 2254(d).

## VI. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citing <u>Wiggins v. Smith</u>, 539 U.S. 510, 521 (2003), and <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness."

11

> [<u>Strickland</u>,] 466 U.S. at 688, 104 S.Ct. 2052.
> A court considering a claim of ineffective
> assistance must apply a "strong presumption"
> that counsel's representation was within the
> "wide range" of reasonable professional
> assistance. <u>Id.</u>, at 689, 104 S.Ct. 2052. The
> challenger's burden is to show "that counsel
> made errors so serious that counsel was not
> functioning as the 'counsel' guaranteed the
> defendant by the Sixth Amendment." <u>Id.</u>, at
> 687, 104 S.Ct. 2052.
>
> With respect to prejudice, a challenger
> must demonstrate "a reasonable probability
> that, but for counsel's unprofessional errors,
> the result of the proceeding would have been
> different. A reasonable probability is a
> probability sufficient to undermine confidence
> in the outcome." <u>Id.</u>, at 694, 104 S.Ct. 2052.
> It is not enough "to show that the errors had
> some conceivable effect on the outcome of the
> proceeding." <u>Id.</u>, at 693, 104 S.Ct. 2052.
> Counsel's errors must be "so serious as to
> deprive the defendant of a fair trial, a trial
> whose result is reliable." <u>Id.</u>, at 687, 104
> S.Ct. 2052.

<u>Richter</u>, 562 U.S. at 104. The Eleventh Circuit has recognized "the

absence of any iron-clad rule requiring a court to tackle one prong

of the <u>Strickland</u> test before the other." <u>Ward</u>, 592 F.3d at 1163.

Since both prongs of the two-part <u>Strickland</u> test must be satisfied

to show a Sixth Amendment violation, "a court need not address the

performance prong if the petitioner cannot meet the prejudice

prong, and vice-versa." <u>Id.</u> (citing <u>Holladay v. Haley</u>, 209 F.3d

1243, 1248 (11th Cir. 2000)). As stated in <u>Strickland</u>: "If it is

easier to dispose of an ineffectiveness claim on the ground of lack

of sufficient prejudice, which we expect will often be so, that

course should be followed." <u>Strickland</u>, 466 U.S. at 697.

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> "[T]he standard for judging counsel's representation is a most deferential one." <u>Richter</u>, - U.S. at -, 131 S.Ct. at 788. But "[e]stablishing that a state court's application of <u>Strickland</u> was unreasonable under § 2254(d) is all the more difficult. The standards created by <u>Strickland</u> and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." <u>Id.</u> (citations and quotation marks omitted). "The question is not whether a federal court believes the state court's determination under the <u>Strickland</u> standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard," then a federal court may not disturb a state-court decision denying the claim. <u>Richter</u>, - U.S. at -, 131 S.Ct. at 788.

<u>Hittson v. GDCP Warden</u>, 759 F.3d 1210, 1248 (11th Cir. 2014), <u>cert</u>. <u>denied</u>, 135 S.Ct. 2126 (2015); <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009). "In addition to the deference to counsel's performance mandated by <u>Strickland</u>, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision." <u>Rutherford v. Crosby</u>, 385 F.3d 1300, 1309 (11th Cir. 2004). As such, "[s]urmounting <u>Strickland</u>'s high bar is never an easy task." <u>Padilla v. Kentucky</u>, 559 U.S. 356, 371 (2010).

## VII. Findings of Fact and Conclusions of Law

### A. Grounds One and Seven

Milling asserts that the trial court lacked subject matter jurisdiction to enter the judgment and sentence (ground one), and the conviction is illegal because the State's charging Information was invalid and not supported by sworn testimony of a material witness (ground seven). <u>See</u> Petition at 4-7, 21-25; Reply at 4-9, 25-30. Petitioner raised the claims in his Rule 3.850 motion in state court. <u>See</u> Resp. Ex. L at 3-5, 8-10. The post-conviction court ultimately denied the Rule 3.850 motion with respect to these claims, stating in pertinent part:

> First, Defendant claims the trial court lacked subject matter jurisdiction to enter judgment and sentence. "[J]urisdiction in criminal cases is determined by the charge made in the indictment or information," and Section 26.012(2)(d), Florida Statutes (2012), grants Circuit Courts original jurisdiction over all felonies. <u>State v. Vazquez</u>, 405 So.2d 203, 204 (Fla. 1984). In this case, Defendant was charged under Section 893.13(1)(a), which is a felony, so the Circuit Court had subject matter jurisdiction. Postconviction relief for lack of subject matter jurisdiction is denied.

> Second, Defendant argues that the information is invalid as a fundamental error and prevents proper subject matter jurisdiction because it is not a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fla. R. Crim. P. 3.140(b). The information does not violate Rule 3.140(b) as the information specifically states in plain language that Defendant "did unlawfully and knowingly sell, manufacture, or deliver, or possess with intent to sell, manufacture, or

14

deliver . . . cocaine . . . , a controlled substance," which is nearly verbatim from the elements of 893.13(1)(a). The information, therefore, is not vague in outlining the essential elements that constitute the unlawful offense as it lists certain unlawful activities with controlled substances.

Furthermore, where omitted matter is not material to the information, "where the actual notice provided is sufficient, . . . where all the elements of the crime in question are proved at trial," and when the information language closely resembles that of the statute, defects in the charging information are not fundamental. <u>State v. Gray</u>, 435 So.2d 817, 818 (Fla. 1983). The amount of currency exchanged between Defendant and Detective Dean is not material to the information, the notice of the crime from the information is sufficient, all the elements of the crime were proved at trial, and, as discussed above, the information language closely resembles the statute. Consequently, the potential defect in not having the amount of currency exchanged in the drug transaction included in the information is not a fundamental defect.

Third, Defendant contends that the charging information is invalid because Deputy John Brush provided false statements and was not a material witness to the information by providing information that he did not witness firsthand from his fellow undercover officer Detective Robert Dean. Defendant's claim fails because of the fellow officer rule. "The fellow officer rule provides a mechanism by which officers can rely on their collective knowledge to act in the field. Under this rule, the collective knowledge of officers investigating a crime is imputed to each officer and one officer may rely on the knowledge and information possessed by another officer to establish probable cause." <u>State v. Bowers</u>, 87 So.3d 704, 707 (Fla. 2012). Defendant relies on <u>State v. Weinberg</u>, 780 So.2d 214, 215-16 (Fla. 5th DCA 2001), in which the court held that the officer was not

a material witness because the officer solely relied on information about an altered prescription provided to him by a doctor and a pharmacist and because the altered prescription was not something the officer could have interpreted himself since the pharmacist and doctor worked in occupations unrelated and unfamiliar to the officer. Defendant's case is distinguished from both Bowers and Weinberg because Deputy Brush was present at the drug transaction scene, witnessed portions of the event, did not rely solely on his colleagues' information about the event, and was able to interpret his colleagues' information about the event because of his own experiences in the law enforcement field. (Transcript at 23-28.)

With the fellow officer rule, Deputy B[r]ush, as the lead case agent who compiles all of the information in the case from evidence and other officers (T. at 44-45), permissibly relied on his own account of the events, the recorded audio/video tape of the events, and Detective Dean's accounts of the events for the information's sworn statement.[8] Thus, Defendant's claim that a fundamental error occurred because Deputy Brush was not a material witness is denied.

. . . .

Defendant contends that Deputy Brush was not a material witness, causing the information to be invalid and a fundamental error. For the reasons discussed in Claim One, Deputy Brush is permitted to compile his firsthand information, facts from the audio/video recordings, and fellow police officer accounts into his affidavit under the fellow officer rule, so the information is valid.

---

[8] See Tr. at 19-64 (Deputy John Brush's testimony), 65-87 (Detective Robert A. Dean's testimony).

Resp. Ex. O at 1-3, 4. The appellate court affirmed the court's denial of post-conviction relief per curiam, <u>see</u> Resp. Ex. R, and later denied Milling's motion for rehearing, <u>see</u> Resp. Exs. S; T.

To the extent that the state appellate court affirmed the trial court's denial on the merits, the Court will address the claims in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of the claims was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Milling is not entitled to relief on the basis of the claims.

Moreover, even assuming the state appellate court's adjudication of the claims is not entitled to deference, Milling's claims are still without merit. The claims present issues purely of state law not cognizable on federal habeas review. The purpose of a federal habeas proceeding is to review the lawfulness of Milling's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States. <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991). Milling's conviction and sentence do not violate the Constitution or laws or treaties of the United States.

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. For a defective Information to be a cognizable claim in a federal habeas corpus action, the charging document must be so defective that it deprives the court of jurisdiction. DeBenedictis v. Wainwright, 674 F.2d 841, 842 (11th Cir. 1982) (citations omitted) ("The sufficiency of a state indictment or information is not properly the subject of federal habeas corpus relief unless the indictment or information is so deficient that the convicting court is deprived of jurisdiction."). Under Florida law, the state circuit courts have jurisdiction over all felonies. See Fla. Stat. § 26.012(2)(d). Moreover, the Information in Milling's case named Milling; described the date and location of the offense; stated the statutory basis; and properly set forth the elements of sale of cocaine. See Resp. Ex. A at 12. It therefore met the minimum requirements for invoking the jurisdiction of the state circuit court. Additionally, the Information contained the required sworn oath of the Assistant State Attorney, certifying that the allegations in the Information "are based upon facts that have been sworn to as true, and which, if true, would constitute the offense therein charged," that the prosecution is instituted "in good

faith," and that the facts are "based on testimony of material witnesses." Id. Such a sworn oath by the prosecutor that she received testimony under oath from the material witnesses for the offense is sufficient pursuant to applicable Florida law. See Fla. R. Crim. P. 3.140(g).[9] Undoubtedly, the trial court had subject matter jurisdiction over Milling's case since the Information charged him with sale of cocaine, a felony, in violation of Florida Statutes section 893.13(1)(a). See Resp. Ex. A at 12. Thus, Milling is not entitled to federal habeas relief on grounds one and seven.

## B. Ground Two

As ground two, Milling asserts that Deputy Brush committed fraud upon the court when he deliberately included false statements in the probable cause and warrant affidavits. See Petition at 7-10; Reply at 9-11. Petitioner raised the claim in a supplement to his Rule 3.850 motion in state court. See Resp. Ex. M. The post-conviction court ultimately denied the Rule 3.850 motion with respect to this claim, stating in pertinent part:

---

[9] Florida Rule of Criminal Procedure 3.140(g) provides:

> Signature, Oath, and Certification; Information. An information charging the commission of a felony shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his or her good faith in instituting the prosecution and certifying that he or she has received testimony under oath from the material witness or witnesses for the offense.

Defendant claims that Deputy Brush committed fraud practiced upon the court by deliberately including false statements in his affidavit. Defendant relies on <u>State v. Burton</u>, 314 So.2d 136, 137 (Fla. 1975), in which the court notes that an order obtained by fraudulent misrepresentations may be recalled and set aside in either a civil or criminal case. In <u>Burton</u>, it was clear from the record that the individual who testified admitted that he had lied under oath and that certain portions of his affidavit were incorrect, not his words, or not true. <u>Id.</u> The present case is distinguished from <u>Burton</u> because there is no evidence that Deputy Brush provided false statements in his affidavit. Additionally, as discussed in Claims One, Four, and Five, the discrepancies in facts that Defendant highlights, such as the direction Defendant was traveling, are immaterial and do not affect the outcome of the case. Therefore, Defendant's claim that Deputy Brush committed fraud practiced upon the court is denied.

Resp. Ex. O at 10-11. The appellate court affirmed the court's denial of post-conviction relief per curiam, <u>see</u> Resp. Ex. R, and later denied Milling's motion for rehearing.

To the extent that the state appellate court affirmed the trial court's denial on the merits, the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in

the state court proceedings. Thus, Milling is not entitled to relief on the basis of the claim. Moreover, even assuming the state appellate court's adjudication of the claim is not entitled to deference, Milling's claim is still without merit. Therefore, Milling is not entitled to federal habeas relief on ground two.

## C. Grounds Three and Eight

Milling asserts that he is actually innocent of the crime (ground three), and there was insufficient evidence to convict him (ground eight). <u>See</u> Petition at 11-13, 25-27; Reply at 12-15, 30-33. Petitioner raised the claims in his Rule 3.850 motion in state court. <u>See</u> Resp. Ex. L at 19-23. The post-conviction court ultimately denied the Rule 3.850 motion with respect to these claims, stating in pertinent part:

> Defendant claims that there is insufficient evidence to show that a crime was committed. A claim of insufficiency of the evidence is not allowed under Rule 3.850, as it should have been raised on appeal. Rule 3.850 does not authorize relief based on grounds that could have been or should have been raised at trial or on direct appeal of the judgment and sentence. Fla. R. Crim. P. 3.850(c). "[I]t is frivolous . . . to attack the sufficiency of the evidence of his conviction in a rule 3.850 motion." <u>Smith v. State</u>, 41 So. 3d 1037, 1040 (Fla. 1st DCA 2010). "To the extent that the allegations challenged the factual basis and sufficiency of the evidence, such claims cannot be raised in a Rule 3.850 motion . . ," <u>Betts v. State</u>, 792 So. 2d 589, 590 (Fla. 1st DCA 2001). Therefore, Defendant's insufficiency of the evidence claim is denied.

> . . . .

Defendant claims "actual innocence" from the charged crime. To prevail on an actual innocence claim, a defendant must produce "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," which demonstrates that, more likely than not, "no reasonable juror would have found the defendant guilty beyond a reasonable doubt" in light of all the available evidence. <u>Tompkins v. State,</u> 994 So.2d 1072, 1089 (Fla. 2008) (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 324, 327 (1995)). In the present case, Defendant relies on the video that was introduced as evidence at the trial to argue his actual innocence claim. Defendant does not present any "new" evidence establishing his innocence. Therefore, Defendant's actual innocence claim is denied.

Resp. Ex. O at 9-10. The appellate court affirmed the court's denial of post-conviction relief per curiam, and later denied Milling's motion for rehearing.

The State presented ample evidence to support Milling's conviction for sale of cocaine. The Due Process Clause of the Fourteenth Amendment requires the State to prove each element of the offense charged beyond a reasonable doubt. <u>Thompson v. Nagle</u>, 118 F.3d 1442, 1448 (11th Cir. 1997) (citing <u>Jackson v. Virginia</u>, 443 U.S. 307, 314 (1979)). In reviewing the sufficiency of the evidence, "this court must presume that conflicting inferences to be drawn from the evidence were resolved by the [trier of fact] in favor of the State." <u>Thompson</u>, 118 F.3d at 1448 (citing <u>Machin v. Wainwright</u>, 758 F.2d 1431, 1435 (11th Cir. 1985)). <u>Jackson v.</u>

Virginia "provides the federal due process benchmark for evidentiary sufficiency in criminal cases." Williams v. Sec'y for Dep't of Corr., 395 F. App'x 524, 525 (11th Cir. 2010) (per curiam) (citing Green v. Nelson, 595 F.3d 1245, 1252-53 (11th Cir. 2010)). In accordance with this authority, the relevant question is whether any rational [trier of fact], after viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the charged offense beyond a reasonable doubt. Jackson, 443 U.S. at 319.

The Information charging Milling with sale of cocaine states, in pertinent part:

> R.J. Larizza, State Attorney for the Seventh Judicial Circuit of the State of Florida and as such prosecuting attorney for this Court, in the name of and by the authority of the State of Florida charges that:
>
> COUNT 1: IN THAT WILLIE JAMES MILLING, on or about February 25, 2010, in the County of ST. JOHNS and State of Florida, did unlawfully and knowingly sell, manufacture, deliver or possess with intent to sell, manufacture, or deliver cocaine or ecgonine, including any stereoisomer, salt, compound, derivative or preparation of cocaine or ecgonine, a controlled substance, contrary to Florida Statutes 893.13(1)(a). (2 DEG FEL)

Resp. Ex. A at 12. At the close of the evidence and after hearing closing arguments, the trial judge stated:

> And clearly the State has proven [its] case beyond a reasonable doubt, way beyond a reasonable doubt.

So I'll find that you are guilty of sale
of cocaine.

Tr. at 109.

After viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found Milling committed sale of cocaine, and as such, the essential elements of the charged offense to support the conviction for sale of cocaine. Competent evidence of the elements of the offense was introduced at trial, and no due process violation occurred. The trier of fact was entitled to believe the State witnesses, and make his own determination as to the elements of the charged offense. The State's evidence at trial amply supported the elements required for a conviction. Therefore, Milling is not entitled to federal habeas relief as to ground three.

Moreover, actual innocence is not itself a constitutional claim justifying federal habeas relief, but instead is a gateway through which a habeas petitioner must pass to have his otherwise procedurally barred constitutional claim considered on the merits. Herrera v. Collins, 506 U.S. 390, 404 (1993). Insofar as Milling intends for his actual innocence to serve as a gateway for consideration of constitutional claims procedurally defaulted in state court, he has failed to identify any fact warranting the application of the fundamental miscarriage of justice exception. Therefore, Milling is not entitled to federal habeas relief on ground eight.

## D. Ground Four

As ground four, Milling asserts that counsel (Craig Atack) was ineffective because he failed to file a motion to dismiss the invalid Information. <u>See</u> Petition at 13-15; Reply at 15-17. Petitioner raised the claim in his Rule 3.850 motion in state court. <u>See</u> Resp. Ex. L at 6-8. The post-conviction court ultimately denied the Rule 3.850 motion with respect to the claim, stating in pertinent part:

> Defendant claims that his two attorneys were prejudicially ineffective under Fla. R. Crim. P. 3.850 by failing to file a motion to dismiss an invalid information.[10] As outlined in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), to warrant an evidentiary hearing for ineffective assistance of counsel, a defendant must: (1) identify particular acts or omissions by counsel that show deficient performance under prevailing professional standards and (2) demonstrate prejudice. As discussed in Claim One, the information is not invalid, so counsel did not perform deficiently in not moving to dismiss the information. Therefore, Claims Two and Three of Defendant's motion for postconviction relief for ineffective assistance of counsel are denied.

Resp. Ex. O at 3-4. The appellate court affirmed the court's denial of post-conviction relief per curiam, and later denied Milling's motion for rehearing.

---

[10] In his Rule 3.850 motion, Milling asserted that Craig Atack and Tyler Williams were ineffective. <u>See</u> Resp. Ex. L at 5-6, 6-8.

To the extent that the state appellate court affirmed the trial court's denial on the merits, the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Milling is not entitled to relief on the basis of the claim.

Moreover, even assuming the state appellate court's adjudication of the claim is not entitled to deference, Milling's claim is nevertheless without merit. In evaluating the performance prong of the <u>Strickland</u> ineffectiveness inquiry, there is a strong presumption in favor of competence. <u>See</u> <u>Anderson v. Sec'y, Fla. Dep't of Corr.</u>, 752 F.3d 881, 904 (11th Cir. 2014). The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." <u>Strickland</u>, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" <u>Rompilla v. Beard</u>, 545 U.S. 374, 381 (2005).

Thus, Milling must establish that no competent attorney would have taken the action that counsel, here, chose.

Notably, the test for ineffectiveness is neither whether counsel could have done more nor whether the best criminal defense attorneys might have done more; in retrospect, one may always identify shortcomings. Waters v. Thomas, 46 F.3d 1506, 1514 (11th Cir. 1995) (stating that "perfection is not the standard of effective assistance") (quotations omitted). Instead, the test is whether what counsel did was within the wide range of reasonable professional assistance. Ward, 592 F.3d at 1164 (quotations and citation omitted); Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007) ("The question is whether some reasonable lawyer at the trial could have acted as defense counsel acted in the trial at issue and not what 'most good lawyers' would have done.") (citation omitted).

On this record, Milling has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance. Even assuming arguendo deficient performance by defense counsel, Milling has not shown any resulting prejudice. He has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had filed a motion to dismiss the Information or made arguments in the manner he suggests. His ineffectiveness claim is without merit since he has shown neither deficient performance nor

resulting prejudice. Accordingly, Milling is not entitled to federal habeas relief on ground four.

## E. Ground Five

As ground five, Milling asserts that the trial court erred when it failed to: renew the offer of assistance of counsel at the suppression hearing/trial, and conduct a <u>Faretta</u> hearing. <u>See</u> Petition at 15-18; Reply at 17-23. Milling argued this issue on direct appeal, <u>see</u> Resp. Ex. E at 4-6, and the State filed a notice that it did not intend to file an answer brief. <u>See</u> http://www.5dca.org, <u>Milling v. State</u>, case number 5D11-2831. The appellate court affirmed Milling's conviction per curiam, <u>see</u> Resp. Ex. F, and later denied Milling's motion for rehearing, <u>see</u> Resp. Exs. G; H.

Milling also raised the claim in his Rule 3.850 motion in state court. <u>See</u> Resp. Ex. L at 11-13. The post-conviction court ultimately denied the Rule 3.850 motion with respect to the claim, stating in pertinent part:

> Defendant claims that the Court erred by failing to renew the offer of assistance of counsel and by failing to conduct a <u>Faretta</u> hearing to determine if Defendant understood his waiver of counsel. Prior to the commencement of the trial, the undersigned explained to Defendant that he had the right to counsel, which Defendant acknowledged. (T. at 6.) The undersigned asked Defendant why he no longer had counsel, and Defendant explained that he disagreed with his previous counsel, dismissed his counsel, and decided to represent himself. (T. at 6.) Defendant also explained that he chose to represent himself

28

> because he suffered from a conflict of interest when the Public Defender's Office represented a co-defendant; however, there is no co-defendant in this case to sustain a conflict of interest claim. Additionally, the undersigned asked Defendant if he wished to represent himself, to which Defendant responded yes, and ensured Defendant realized that the rules of evidence and procedure did not change because of his self representation. (T. at 14.) The undersigned enlightened Defendant of the dangers and disadvantages of self-representation and ensured that Defendant was knowingly and intelligently waiving his right to counsel as required by <u>Faretta v. California</u>, 422 U.S. 806 (1975). Defendant's claim that the trial court failed to renew the offer of assistance of counsel and failed to conduct a <u>Faretta</u> hearing is denied.

Resp. Ex. O at 5-6. The appellate court affirmed the court's denial of post-conviction relief per curiam, and later denied Milling's motion for rehearing.

During the pendency of the post-conviction proceedings, Milling raised the claim in a petition for writ of habeas corpus and amended petition, <u>see</u> Resp. Exs. V; W; the State responded, <u>see</u> Resp. Ex. Y; and Milling replied, <u>see</u> Resp. Ex. Z. The appellate court denied the petition and amended petition, <u>see</u> Resp. Ex. AA, and later denied Milling's motion for rehearing, <u>see</u> Resp. Exs. BB; CC.

If the appellate court addressed the merits, the state court's adjudication of this claim is entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not

contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor was the state court's adjudication based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Milling is not entitled to relief on the basis of this claim.

Even assuming that the state court's adjudication of this claim is not entitled to deference, Milling's claim is without merit. On May 27, 2010, the court appointed the Public Defender to represent Milling. <u>See</u> Resp. Ex. A at 7, First Appearance Form. In November 2010, Milling filed motions to discharge counsel. <u>See</u> <u>id.</u> at 29-30, 32-33. In the motions, he asserted that counsel was biased and incompetent because he had not filed a motion to suppress evidence. Counsel filed a motion to suppress on December 2nd, and a motion in limine on December 13th. <u>See</u> <u>id.</u> at 35-36, 37. On December 14, 2010, the court conducted a <u>Faretta</u> hearing, granted Milling's request to represent himself, and appointed the Public Defender's Office as stand-by counsel.[11] <u>See</u> <u>id.</u> at 40, Hearing Notes. That same day, Milling signed a waiver of counsel that provided the court had fully informed him of his right to counsel and the consequences of waiving counsel. <u>See</u> <u>id.</u> at 41, Waiver of Counsel by Defendant. On March 14, 2011, Milling signed

---

[11] According to Respondents, the hearing "was never transcribed." Response at 17.

an acknowledgment that stated he had requested a continuance and that he still wished to represent himself. From December 14, 2010, until his suppression hearing/trial on June 14, 2011, Milling filed numerous pro se motions, in which he neither requested conflict-free counsel nor complained of a conflict of interest with the public defender's office. See id. at 42, 45-46, 47, 51-53, 54, 55-58, 59-65, 67-71, 72-76, 77-81, 82-84, 85-86, 89-90, 92-93, 94-96. On June 14, 2011, Milling appeared for a bench trial, at which the court also addressed his motion to suppress. See id. at 98, Hearing Notes; Tr. at 15. The trial judge advised Milling that he had a right to an attorney, but he again chose to represent himself. See Tr. at 6, 14. Milling explained that he did not want representation by the Public Defender's Office due to a conflict of interest. Id. at 7. As such, the trial judge made an appropriate inquiry into Milling's assertion that there was a conflict of interest with the Public Defender's Office. See id. at 7-14. In denying Milling's Rule 3.850 motion, the post-conviction court ruled that "there is no co-defendant in this case to sustain a conflict of interest claim." Resp. Ex. O at 6. On this record, Milling is not entitled to federal habeas relief on ground five.

## F. Ground Six

As ground six, Milling asserts that his conviction is illegal because the Information was invalid since it was based on perjured testimony. See Petition at 19-21; Reply at 23-25. Petitioner raised

the claim in his Rule 3.850 motion in state court. <u>See</u> Resp. Ex. L at 10-11. The post-conviction court ultimately denied the Rule 3.850 motion with respect to this claim, stating in pertinent part:

> Defendant also claims that the charging information had false statements and facts that invalidated it and led to Defendant's conviction of an uncharged crime. While Deputy Brush did not personally witness or view on video the transaction of $40 from Detective Dean to Defendant, Deputy Brush confirmed the occurrence by discussing the event with Detective Dean in the undercover officer debriefing after the operation and by listening to the audio of the audio/visual recording. (T. at 41.) Additionally, Deputy Brush detected from the audio/video that Defendant handed something to Detective Dean, who informed Deputy Brush that Defendant handed Detective Dean the brown bag with cocaine at that moment. (T. at 44.) Finally, the expert testimony of Catherine Bible refutes Defendant's allegation that Detective Dean falsely stated that the brown paper bag contained cocaine. Catherine Bible testified that she performed chemical analyses on the substance from the brown paper bag and concluded that the substance was cocaine. (T. at 90-91.) Thus, Deputy Brush's affidavit was sufficient for the information and the charged crime against Defendant.
>
> Defendant also claims that there is a conflict of evidence in the offense report and the sworn statement by Deputy Brush, which renders the information invalid. First, there is no discrepancy between the evidence provided by Deputy Brush and Detective Dean about whether Defendant handed the brown bag to Detective Dean. When Deputy Brush stated Defendant handed the bag to Detective Dean, Deputy Brush meant Defendant relinquished possession of the paper bag to Detective Dean, not that Defendant physically put the paper bag into Detective Dean's hands. (T. at 100.) This statement comports with Detective Dean's

> statement that Defendant handed the bag to him
> by setting it on a ledge or beam because
> Defendant did not directly transfer the bag
> from his hand to Detective Dean's hand. (<u>Id.</u>)
> Additionally, while Deputy Brush admitted that
> he was incorrect in stating Defendant traveled
> eastbound in the affidavit instead of
> westbound (T. at 53), this trivial
> misinformation did not cause Defendant to be
> arrested for a different crime than the one
> for which he was charged. Similar to <u>Kormondy</u>
> <u>v. State</u>, 983 So.2d 418, 432 (Fla. 2007), in
> which the inconsistency of whether the
> location of a sexual assault occurred on the
> carpet or on the bed in a bedroom was
> irrelevant to the crime, the inconsistency in
> the direction the Defendant traveled along the
> street is irrelevant to the sale of cocaine.
>
> Based on the foregoing, Defendant's claim
> that there was fundamental error based on an
> invalid information and conviction of an
> uncharged crime is denied.

Resp. Ex. O at 4-5. The appellate court affirmed the court's denial

of post-conviction relief per curiam, and later denied Milling's

motion for rehearing.

To the extent that the state appellate court affirmed the

trial court's denial on the merits, the Court will address the

claim in accordance with the deferential standard for federal court

review of state court adjudications. After a review of the record

and the applicable law, the Court concludes that the state court's

adjudication of the claim was not contrary to clearly established

federal law, did not involve an unreasonable application of clearly

established federal law, and was not based on an unreasonable

determination of the facts in light of the evidence presented in

the state court proceedings. Thus, Milling is not entitled to relief on the basis of the claim. Moreover, even assuming the state appellate court's adjudication of the claim is not entitled to deference, Milling's claim is still without merit. Therefore, Milling is not entitled to federal habeas relief on ground six.

## VIII. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Milling seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Milling "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has

rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.    The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.    If Milling appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.   The Clerk of the Court is directed to close this case and terminate any pending motions.

   **DONE AND ORDERED** at Jacksonville, Florida, this 4th day of October, 2017.


MARCIA MORALES HOWARD
United States District Judge


sc 10/4
c:
Willie James Milling, FDOC #104229
Counsel of Record